IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01779-GPG

JUVENCIA DARSHA TOWNSEND,

    Plaintiff,

v.

LT. JOHN SCOLERI,
LT. JAMES YATES, and
SGT. ALLEN,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Juvencia Darsha Townsend, is a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Townsend has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. The court must construe the Prisoner Complaint liberally because Ms. Townsend is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Townsend will be ordered to file an amended complaint.

    Ms. Townsend's claims relate to disciplinary proceedings that took place at the La Vista Correctional Facility. She alleges she was charged with a disciplinary violation on May 23, 2015, after she was seen wearing a religious head scarf outside of her cell. She further alleges she was convicted of a disciplinary offense following a hearing on

May 29, 2015, and sanctioned with fifteen days of punitive segregation. According to Ms. Townsend, Sergeant Allen authored the disciplinary report and Lieutenant John Scoleri and Lieutenant James Yates were the hearing officers at her disciplinary hearing. Ms. Townsend specifically asserts two claims for relief, a retaliation claim and a due process claim. She seeks damages as relief.

The Prisoner Complaint is deficient. First, Ms. Townsend fails to allege specific facts that demonstrate each Defendant personally participated in the asserted constitutional violations. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).

In addition, Ms. Townsend fails to allege specific facts in support of her claims that demonstrate she is entitled to relief. Vague and conclusory allegations that her federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

With respect to the retaliation claim, prison officials may not retaliate against an inmate for exercising her constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Ms. Townsend must demonstrate: (1) she was engaged in constitutionally protected activity, (2) Defendant's actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Ms. Townsend fails to allege facts that demonstrate she was engaged in constitutionally protected activity or that any adverse action was substantially motivated as a response to her constitutionally protected activity.

With respect to the due process claim, Ms. Townsend fails to allege facts that demonstrate she was deprived of a constitutionally protected liberty interest. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Ms. Townsend does not allege that the disciplinary conviction she is challenging resulted in a lengthened sentence and confinement in punitive segregation for fifteen days is not an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 486 (holding that thirty days in disciplinary segregation did not implicate a protected liberty interest); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).

Furthermore, even if Ms. Townsend was deprived of a constitutionally protected liberty interest, she fails to allege facts that demonstrate she was denied the minimum due process required at a prison disciplinary hearing. When a constitutionally protected liberty interest is implicated in prison disciplinary proceedings,

> the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). Although Ms. Townsend alleges she was not allowed to call witnesses, she does not allege facts that demonstrate the witnesses would have provided testimony relevant to the offense she was convicted of committing.

Finally, Ms. Townsend fails to allege facts that would support an arguable claim against Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, to the extent Ms. Townsend is asserting her claims against Defendants in their official capacities, the claims must be construed as claims against the State of Colorado. However, Ms. Townsend's claims for damages against the State of Colorado are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

For these reasons, Ms. Townsend will be ordered to file an amended complaint. Ms. Townsend should name as Defendants only those persons she contends actually

violated her federal constitutional rights. She "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Townsend file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Ms. Townsend shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Townsend fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed.

DATED August 25, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge