IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01779-GPG

JUVENCIA D. TOWNSEND,

    Plaintiff,

v.

LT. JOHN SCOLERI,
LT. JAMES YATES, and
SGT. ALLEN,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Juvencia D. Townsend, is a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Townsend initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On August 25, 1015, Magistrate Judge Gordon P. Gallagher ordered Ms. Townsend to file an amended complaint that includes specific facts in support of the claims she is asserting. On October 27, 2015, Ms. Townsend filed an Amended Prisoner Complaint (ECF No. 9) pursuant to 42 U.S.C. § 1983. She seeks damages as relief.

    Ms. Townsend has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Ms. Townsend's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989).   For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended complaint liberally because Ms. Townsend is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, h[er] confusion of various legal theories, h[er] poor syntax and sentence construction, or h[er] unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant.   See *id.*

Ms. Townsend claims her constitutional rights were violated in connection with prison disciplinary proceedings against her at the La Vista Correctional Facility.   She alleges she was charged on May 23, 2015, with disobeying a lawful order because she was wearing a religious head scarf outside of her cell.   Ms. Townsend further alleges she was convicted of a disciplinary offense following a hearing on May 29, 2015, even though she was not allowed to call witnesses in her defense and had never been given a direct order not to wear her religious head scarf outside of her cell.   According to Ms. Townsend, Sergeant Allen authored the disciplinary report and Lieutenant John Scoleri and Lieutenant James Yates were the hearing officers at her disciplinary hearing.   Ms. Townsend does not allege in the amended complaint what sanctions were imposed as a result of the disciplinary conviction, but she alleged in the original complaint that she was sanctioned with fifteen days of punitive segregation.   (*See* ECF No. 1 at 11.)   Ms.

Townsend specifically asserts two claims for relief, a retaliation claim and a due process claim. She does not assert any claim that her right to exercise her religion freely was violated and the Court does not construe the Amended Prisoner Complaint as asserting such a claim.

As Magistrate Judge Gallagher noted, prison officials may not retaliate against an inmate for exercising her constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Magistrate Judge Gallagher also advised Ms. Townsend that, in order to state a retaliation claim, she must demonstrate: (1) she was engaged in constitutionally protected activity, (2) Defendant's actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012).

With respect to the due process claim, Magistrate Judge Gallagher advised Ms. Townsend that she must allege facts that demonstrate she was deprived of a constitutionally protected liberty interest. More specifically, Magistrate Judge Gallagher noted that, in the context of prison disciplinary proceedings, "a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Despite these instructions Ms. Townsend still fails to allege specific facts in

support of her claims that demonstrate she is entitled to relief.   Vague and conclusory allegations that her federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations."   *Hall*, 935 F.2d at 1110.

   Ms. Townsend's retaliation claim lacks merit because she fails to allege specific facts that demonstrate the decisions to charge and convict her of a disciplinary offense were substantially motivated as a response to constitutionally protected activity.   In fact, the Amended Prisoner Complaint is devoid of any specific factual allegations regarding a retaliatory motive.   Therefore, the retaliation claim is legally frivolous and must be dismissed.

   Ms. Townsend's due process claim also lacks merit because she fails to allege facts that demonstrate the disciplinary conviction she is challenging resulted in a lengthened sentence.   Furthermore, the only sanction allegedly imposed, fifteen days in punitive segregation, is not an atypical and significant hardship in relation to the ordinary incidents of prison life.   *See Sandin*, 515 U.S. at 486 (holding that thirty days in

disciplinary segregation did not implicate a protected liberty interest); *Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest). Therefore, the due process claim also is legally frivolous and must be dismissed.

Finally, to the extent Ms. Townsend is suing Defendants in their official capacities, those claims also must be dismissed. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, Ms. Townsend's claims for damages against Defendants in their official capacities must be construed as claims against the State of Colorado, and claims for damages against the State of Colorado are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

For these reasons, the Court finds that the constitutional claims in the Amended Prisoner Complaint are legally frivolous and must be dismissed. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint, the Amended Prisoner Complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It

is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 30th day of October, 2015.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court